# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

**CRAIG WILLIAMS,**
*Individually, and on behalf of himself and others similarly situated,*

Plaintiff,

v.  No._____

**NEWBOLD SERVICES, LLC,**
*a South Carolina Limited Liability Company,*

**FLSA Collective Action**

**JURY DEMANDED**

Defendant.

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiff, Craig Williams ("Plaintiff"), on behalf of himself, individually, and on behalf of himself and others similarly situated, files this Collective Action Complaint, averring as follows:

1. This is a collective action for violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA") brought against Newbold Services, LLC ("Defendant") on behalf of all current and former hourly-paid employees who were employed and performed work for Defendant during the past three (3) years. Plaintiff and the putative class seek damages for unpaid "off the clock" and "edited-out/shaved" straight time and overtime compensation. The "off the clock" and "edited-out/shaved" wage claims of Plaintiff and those similarly situated are unified by common theories of FLSA violations.

1

## JURISDICTION AND VENUE

2. This Court has original jurisdiction over this action under 29 U.S.C. §§ 201, *et seq.*, 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Plaintiff resides in this District, was employed by Defendant to perform work in this District, and Defendant has conducted, and continues to conduct, business within this District during all relevant periods to this action. In addition, a substantial part of the events, commissions, inactions, and omissions giving rise to these claims and this action occurred within this District.

## PARTIES

4. Defendant Newbold Services, LLC is a South Carolina Limited Liability Company with its principal offices located at 127 Tanner Road, Greenville, South Carolina 29607. Newbold has been an "employer" of Plaintiff and those similarly situated as such term is defined by the FLSA at all times material to this action.

5. Plaintiff Craig Williams has been a resident of this District and performed work as an hourly-paid, non-exempt employee while employed by Defendant within this District during the three (3) year period immediately preceding the filing of this Complaint. Plaintiff William's Consent to Join this collective action is attached hereto as *Exhibit A*.

## FACTUAL BASIS FOR SUIT

6. Defendant provides janitorial services to businesses and institutions throughout the United States, including such services to the Bridgestone Tire facility in

Lavergne, Tennessee at which facility Plaintiff was assigned job duties.

7. Plaintiff Craig Williams was employed by and performed work for Defendant as an hourly-paid, non-exempt janitorial employee within this District during the three (3) year period preceding the filing of this action.

8. Plaintiff Williams was paid an hourly-rate of $12.00 per hour for the work he performed for Defendant.

9. Defendant has been the "employer" of Plaintiff and class members within the meaning of 29 U.S.C, § 203(d) and § 203(r) at all times material to this action.

10. At all times material to this action, Plaintiff and class members have been "employees" of Defendant as defined by Section 203(e)(1) of the FLSA, and performed work for Defendant within the territory of the United States within three (3) years preceding the filing of this collective action.

11. At all times material to this action, Defendant has been an enterprise engaged in commerce and production of goods for commerce as defined by section 203(s)(1) of the FLSA, with annual revenue in excess of $500,000.00. Plaintiff and other similarly situated hourly-paid, non-exempt employees also have engaged in commerce and the production of goods for commerce during the applicable statutory period.

12. Defendant has had a common time keeping system in which hourly-paid employees were required to clock-in and clock-out for the purpose of recording their compensable time during all times material to this action.

13. Defendant's common time keeping policy and practice only recorded

3

compensable time of Plaintiff and those similarly situated from the beginning time of their respective assigned shifts until the ending time of their respective assigned shifts (other than a unpaid meal period), irrespective of the time required for them to don and doff required Personal Protective Equipment ("PPE") occurring prior to and subsequent to their respective assigned shifts.

14. Plaintiff and those similarly situated were required to wear and, did wear, such Personal Protective Equipment consisting of steel-toed shoes, protective outerwear jumpsuits, protective eye wear, ear plugs, and respirators/masks, etc. – all of which was donned prior to their respective assigned shifts and doffed subsequent to their respective assigned shifts within weekly pay periods during all times material to this action and, for which such "off the clock" times they were not compensated at the applicable FLSA straight time and overtime rates of pay.

15. The donning and doffing of such PPE would take Plaintiff Williams around ten (10) minutes to complete both prior to and after his regularly scheduled shifts. This equates to Plaintiff Williams being uncompensated for at least twenty (20) minutes for each shift he worked for Defendant.

16. Defendant's common time keeping policy and practice also "rounded-off" and "edited-out/shaved" the recorded times of Plaintiff and those similarly situated that were clocked-in to its time keeping system prior to the beginning of their assigned shifts as well as their recorded times clocked-out subsequent to the ending of their assigned shifts within weekly pay periods during all times

4

material to this action.

17. Defendant's said "rounding-off" and "editing-out/shaving" policy occurred irrespective of the aforementioned donning and doffing time of Plaintiff and those similarly situated, occurring prior to and subsequent to their respective assigned shifts.

18. Defendant's said "rounding-off" and "editing-out/shaving" policy did not allow or provide for a similarly effective "rounding-off" feature in favor of Plaintiff and those similarly situated.

19. Plaintiff and those similarly situated were not compensated for such "rounded off" and "edited-out/shaving" work time at their straight time rated or overtime rates of pay within weekly pay periods during all times material to this action.

20. Defendant also has had a common timekeeping policy and practice of "editing-out/shaving" a 30-minute meal break from the compensable pay of Plaintiff and those similarly situated for each of their daily assigned shifts. However, Plaintiff and those similarly situated only had approximately 15 minutes (of an allotted 30-minute meal period) in which they could freely enjoy an authentic meal break.

21. The other 15 minutes of their meal breaks were spent walking from their work station to and from the Bridgestone Tire cafeteria to purchase and consume food and drink items, as Defendant required Plaintiff and those similarly situated to take their meal breaks at this location.

22. This resulted in Plaintiff and those similarly situated receiving only a 15-minute meal break per shift due to spending approximately 15 minutes walking to and

5

from the Bridgestone Tire cafeteria. (Such effective 15-minute meal break is compensable under FLSA regulations and, accordingly, so then is the 15 minutes spent walking to and from the Bridgestone Tire cafeteria.)

23. Plaintiff and those similarly situated were not compensated for unpaid 30-minute "edited-out/shaved" daily meal breaks within weekly pay periods in which they were adversely affected during all times material to this action at the applicable FLSA straight time and overtime rates of pay.

24. The aforementioned unpaid "off the clock", "rounded-off" and "edited-out/shaved" claims of Plaintiff and those similarly situated are unified by common theories of Defendant's FLSA violations.

25. Plaintiff and those similarly situated typically worked forty (40) hours per week, and also hours in excess of forty (40) hours per week at times (without counting the aforementioned "off the clock", "rounded-off" and "edited-out/shaved" compensable time), within weekly pay periods during all times material to this action.

26. Plaintiff and others similarly situated performed work and engaged in the aforementioned "off the clock", "rounded-off" and "edited-out/shaved" time for Defendant in excess of forty (40) hours per week within weekly pay periods during all times material and relevant to this action without being compensated for such time at the applicable FLSA straight time and overtime rates of pay.

27. Defendant failed to properly and accurately record all such compensable time of Plaintiff and those similarly situated as required by 29 C.F.R. §516.2(a)(7).

6

Case 3:19-cv-00522   Document 1   Filed 06/24/19   Page 6 of 15 PageID #: 6

28. By its failure to accurately record all their compensable time and to pay Plaintiff and those similarly situated for all such compensable time, Defendant willfully failed to compensate them for all such time at the applicable straight time and overtime rates of pay, as required by the FLSA.

29. Defendant knew and was aware at all times relevant it was not recording and compensating Plaintiff and those similarly situated for all of their compensable time without a good faith basis for its failure.

30. Defendant's common policies and practices of not compensating Plaintiff and those similarly situated for all compensable time at the applicable FLSA straight and overtime rates of pay violated 29 U.S.C. § 207(a)(1).

31. As a result of Defendant's bad faith and willful failure to pay Plaintiff and those similarly situated in compliance with the FLSA, Plaintiff and those similarly situated have suffered lost wages in terms of lost straight time and overtime compensation, as well as other damages.

32. The net effect of Defendant's common plan, policy, and practice of working Plaintiff and those similarly situated "off the clock" as well as "rounding-off" and "editing-out/shaving" their compensable time from its time keeping system is that Defendant has unjustly enriched itself and enjoyed ill-gained profits at the expense of Plaintiff and class members.

## FLSA COLLECTIVE ACTION ALLEGATIONS

33. Plaintiff brings this case as a collective action on behalf of himself and other similarly situated individuals pursuant to 29 U.S.C. § 216(b) to recover unpaid

straight time wages and unpaid overtime compensation, liquidated damages, statutory penalties, attorneys' fees and costs, and other damages owed.

34. The proposed collective class of similarly situated persons is defined as:

> All current and former hourly-paid individuals employed by Defendant who were required to wear required Personal Protective Equipment that was an indispensable and integral part of their job duties and performed work "off the clock" without pay and/or who have had compensable time "edited-out/shaved" or "rounded-off" from their pay, occurring anywhere in the United States within the three (3) years preceding the filing of this action ("Class Members").[1]

35. Plaintiff seeks to pursue his unpaid "off the clock", "rounded-off" and "edited-out/shaved" straight and overtime wage claims against Defendant on behalf of himself, individually, and on behalf of himself and all other similarly situated hourly-paid employees.

36. Plaintiff and class members are "similarly situated" for purposes of 29 U.S.C. §216(b) because, *inter alia*, Defendant employed a common pay system that resulted in a failure to pay Plaintiff and class members for all hours worked, as required by the FLSA.

37. This action is properly maintained as a collective action because Plaintiff is similarly situated to the members of the collective class with respect to Defendant's time keeping, pay and compensation policies and practices. Plaintiff and members of the class were subjected to Defendant's policy and practice of being required to work "off the clock" and having their compensable time

---

[1] Plaintiff reserves the right to amend the Class Description upon the discovery of additional facts.

"rounded-off" and "edited-out/shaved" from Defendant's time keeping system.

38. The collective action mechanism is superior to other available methods for a fair and efficient adjudication of this controversy. Defendant has acted or refused to act on grounds generally applicable to class members. The prosecution of separate actions could create a risk of inconsistent and varying adjudications, place a substantial and unnecessary burden on the courts and/or substantially impair the ability of class members to protect their interests.

39. Plaintiff will fairly and adequately protect the interests of the class as his interests are in complete alignment with those of class members, i.e. to pursue their aforementioned "off the clock", "rounded-off" and "edited-out/shaved" claims, as previously described.

40. Counsel for Plaintiff will adequately protect his interests as well as the interests of all putative class members.

41. Defendant required Plaintiff and class members to work "off the clock" and be subjected to its aforementioned "rounding-off' and "editing-out/shaving" policy and practice within weekly pay periods at all times relevant.

42. Defendant knew Plaintiff and class members performed work and engaged in matters that required additional straight time and overtime compensation to be paid. Nonetheless, Defendant operated under a common policy and practice to deprive Plaintiff and class members of such FLSA required straight time and overtime compensation.

43. Defendant's conduct, as alleged herein, was willful and has caused significant

9

Case 3:19-cv-00522   Document 1   Filed 06/24/19   Page 9 of 15 PageID #: 9

damage to Plaintiff and class members.

44. Defendant's conduct was not in good faith by its failure to compensate Plaintiff and class members for all their compensable times at the FLSA applicable straight time and overtime compensation rates of pay within weekly pay periods during all times material to this action.

45. Therefore, Defendant is liable to Plaintiff and class members under the FLSA for failing to properly compensate them for their aforementioned "off the clock", "rounded-off" and "edited-out/shaved" unpaid wage claims.

46. Plaintiff requests this Court authorize notice to the members of the collective class to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid straight time and overtime compensation as well as liquidated damages under the FLSA, and the other relief requested herein.

47. Plaintiff estimates there are fifty (50) or more members in the collective class. The precise number of class members can be easily ascertained by examining Defendant's payroll, scheduling, time keeping, personnel and other work-related records and documents. Given the composition and size of the class, members of the class may be informed of the pendency of this action directly via U.S. mail, e-mail and by posting notice in all of Defendant's work sites.

48. Plaintiff and class members' unpaid straight and overtime compensation claims may be determined partially by an examination of Defendant's payroll, scheduling, time keeping, personnel and other such work-related records and

10

Case 3:19-cv-00522 Document 1 Filed 06/24/19 Page 10 of 15 PageID #: 10

documents.

## COUNT I
**(Violation of the Fair Labor Standards Act)**

49. Plaintiff incorporates by reference all preceding paragraphs as fully as if written herein.

50. At all relative times, Plaintiff and class members have been entitled to the rights, protections, and benefits provided under 29 U.S.C. § 201, *et seq.*

51. At all relevant times, Defendants have been "employers" engaged in interstate commerce consistent with 29 U.S.C. § 206(a) and 207(a).

52. At all relevant times, Defendant employed Plaintiff and each of the class members consistent with the terms of the FLSA.

53. At all relevant times, Defendant was an "employer" under the FLSA.

54. At all relevant times, Plaintiff and class members were "employees" of Defendant within the meaning of the FLSA's straight wage and overtime wage requirements.

55. Plaintiff and other class members have been similarly situated individuals within the meaning of the FLSA, 29 U.S.C. § 216(b) at all relevant times.

56. As a result of Defendant's common policy and practice of working Plaintiff and class members "off the clock" as well as "rounding-off" and "editing-out/shaving" their compensable time (as previously described), Plaintiff and class members were not paid all their straight time and overtime compensation, as required by the FLSA.

57. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half (1.5) times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week. Pursuant to 29 C.F.R. § 778.315, compensation for hours worked in excess of forty (40) hours per week may not be considered paid to an employee unless that employee is compensated for all such overtime hours worked.

58. Through their actions, policies, practices, and plans, Defendant violated the FLSA by regularly and repeatedly failing to compensate Plaintiff and similarly situated individuals for all their aforementioned "off the clock" hours worked and, for all their "rounded-off" and "edited-out/shaved" compensable time.

59. The foregoing actions of Defendant violated the FLSA.

60. Defendant's actions were willful with reckless disregard of clearly applicable FLSA provisions.

61. Defendant's actions were not in good faith.

62. The "off the clock", "rounded-off" and "edited-out/shaved" claims of Plaintiff and the class are unified by common theories of FLSA violations.

63. As a direct and proximate cause of Defendant's unlawful conduct, Plaintiff and similarly situated employees have suffered and will continue to suffer a loss of income and other damages.

64. Therefore, Defendant is liable to Plaintiff and the class for actual damages, liquidated damages and equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs and expenses.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and class members request the Court to enter judgment in their favor on this Complaint and:

a) Award Plaintiff and similarly situated employees FLSA statutory damages against Defendant;

b) Award Plaintiff and similarly situated employees all unpaid straight time and overtime compensation against Defendant;

c) Award Plaintiff and similarly situated employees for an amount equal to their unpaid straight time and overtime compensation, pursuant to the applicable FLSA wage and overtime rates;

d) Find and declare that Defendant's violations of the FLSA were willful, and accordingly, the three (3) year statute of limitations under the FLSA applies to this action;

e) Award Plaintiff and members of the collective class liquidated damages in accordance with the FLSA;

f) Award prejudgment interest (to the extent that liquidated damages are not awarded);

g) Award Plaintiff and the collective class reasonable attorneys' fees and all costs of this action, to be paid by Defendant, in accordance with the FLSA;

h) Award post-judgment interest and court costs as allowed by law;

i) Enter an Order designating this action as an opt-in collective action under the FLSA;

j) Enter an Order directing the issuance of notice to putative class members pursuant

to 29 U.S.C. § 216(b) for the claims of the class;

k) Allow Plaintiff to amend his Complaint, if necessary, as new facts are discovered;

l) Provide additional general and equitable relief to which Plaintiff and the class may be entitled; and

m) Provide further relief as the Court deems just and equitable.

**JURY DEMAND**

Plaintiff hereby demands a **TRIAL BY JURY** as to all issues.


Dated: June 24, 2019.                   Respectfully Submitted,

                                        *s/ Gordon E. Jackson*
                                        Gordon E. Jackson (TN BPR #8323)
                                        J. Russ Bryant (TN BPR #33830)
                                        Robert E. Turner, IV (TN BPR #35364)
                                        Nathaniel A. Bishop (TN BPR #35944)
                                        **JACKSON, SHIELDS, YEISER & HOLT**
                                        Attorneys at Law
                                        262 German Oak Drive
                                        Memphis, Tennessee 38018
                                        Telephone: (901) 754-8001
                                        Facsimile: (901) 754-8524
                                        *gjackson@jsyc.com*
                                        *rbryant@jsyc.com*
                                        *rturner@jsyc.com*
                                        *nbishop@jsyc.com*

                                        *ATTORNEYS FOR PLAINTIFF*
                                        *AND FOR OTHERS SIMILARLY*
                                        *SITUATED*